

# Fourth Court of Appeals
## San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-25-00115-CV

**IN RE** Presley Michael **BLOOM**

Original Mandamus Proceeding[1]

Opinion by:    Irene Rios, Justice

Sitting:    Irene Rios, Justice
Lori I. Valenzuela, Justice
Lori Massey Brissette, Justice

Delivered and Filed: May 21, 2025

PETITION FOR WRIT OF MANDAMUS CONDITIONALLY GRANTED

On February 20, 2025, relator Presley Michael Bloom, a North Carolina resident, filed a petition for writ of mandamus after real party in interest filed a divorce proceeding with suit affecting the parent-child relationship in Texas. Relator contends the trial court abused its discretion by denying his plea to the jurisdiction, thereby asserting jurisdiction over the suit affecting the parent-child relationship.

Following a conference pursuant to the Uniform Child Custody Jurisdiction and Enforcement Act (the "UCCJEA"), the respective judges determined that jurisdiction over matters concerning the children lies with North Carolina, while jurisdiction over the divorce proceeding remains in Texas. The April 10, 2025 UCCJEA order in this case specifically addresses the relief

---

[1] This proceeding arises out of Cause No. 2024CI23353, styled *In the Matter of the Marriage of Daniela Occhiuzzi-Bloom and Presley Michael Bloom, and In the Interest of P.B. and A.B., the children*, pending in the 166th Judicial District Court, Bexar County, Texas, the Honorable Lisa Jarrett presiding.

sought by relator.[1] Pursuant to our stay of the underlying proceedings, however, the trial court took no further action. We lift the stay and conditionally grant the petition for writ of mandamus. We order the trial court to vacate in part its denial of relator's plea to the jurisdiction pertaining to the child custody proceeding, sever the divorce proceeding from the suit affecting the parent-child relationship, and dismiss the suit affecting the parent-child relationship.

## BACKGROUND

On October 10, 2024, real party in interest filed her original petition for divorce that included a suit affecting the parent-child relationship in Bexar County, Texas. On November 8, 2024, relator filed his answer subject to his plea to the jurisdiction contending, among other things, that Texas lacked jurisdiction over the child custody determination under the UCCJEA because North Carolina is the children's home state. *See* TEX. FAM. CODE ANN. §§ 152.102(7),[2] 152.201.[3] At the hearing on relator's plea to the jurisdiction, relator informed the trial court of a pending child custody proceeding in North Carolina. In its February 14, 2025 order, the trial court denied relator's plea to the jurisdiction and asserted jurisdiction over the divorce and child custody proceedings.

Relator subsequently sought mandamus relief and requested we stay the underlying proceedings pending this mandamus. On February 26, 2025, we granted relator's request for temporary emergency relief and stayed all underlying proceedings. Then, on March 14, 2025, real party in interest filed a motion to lift the stay to allow the Texas and the North Carolina courts to conduct a UCCJEA conference to determine jurisdiction of the child custody proceeding. On

---

[1] Relator notes in his mandamus petition that he does not contest Texas's jurisdiction over the portion of the case regarding the suit to dissolve the parties' marriage.

[2] Defining "home state" as "the state in which a child lived with a parent . . . for at least six consecutive months immediately before the commencement of a child custody proceeding." TEX. FAM. CODE ANN. § 152.102(7).

[3] Providing the framework for determining the initial jurisdiction of a child custody proceeding considering the home state of the child. *See* TEX. FAM. CODE ANN. § 152.201.

March 18, 2025, we lifted the stay of the underlying proceedings for the limited purpose of allowing the Texas and North Carolina courts to conduct the UCCJEA conference to determine the jurisdiction of the child custody proceeding.

On April 14, 2025, real party in interest filed a motion to lift the stay and to dismiss relator's petition for writ of mandamus stating the Texas and North Carolina courts conducted the UCCJEA conference and determined North Carolina as the state with jurisdiction over the children. Real party in interest attached the trial court's April 10, 2025 order ("UCCJEA order"), in which the trial court, following its UCCJEA conference with the North Carolina court, pronounced that Texas has jurisdiction over the divorce proceeding. The order further states the North Carolina court maintains jurisdiction over the child custody determination because it did not relinquish jurisdiction over the children in the pending child custody proceeding in North Carolina. In a separate response following real party in interest's motion to dismiss his mandamus petition, relator acknowledges the UCCJEA order achieved the relief he sought by mandamus but requests this court grant mandamus relief on the trial court's denial of his plea to the jurisdiction and dismiss the child custody proceeding pending in Bexar County, Texas.

We agree with relator that dismissal of his petition for writ of mandamus following the UCCJEA order does not fully grant the relief relator requests as further actions of the trial court are necessary.

## CONCLUSION

Because the UCCJEA order concludes jurisdiction over the suit affecting the parent-child relationship lies with the North Carolina court, we need not further address this issue. We lift the stay of the underlying proceedings and order the trial court to vacate its denial of relator's plea to the jurisdiction pertaining to the child custody proceeding, sever the divorce proceeding from the

suit affecting the parent-child relationship, and dismiss the suit affecting the parent-child relationship. The writ of mandamus shall only issue if the trial court fails to do so.

Irene Rios, Justice